UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLEY RICE, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY STRIKE ENTERTAINMENT CORPORATION, f/k/a BOWLERO CORP.,<br><br>Defendant. | Case No.<br><br>(Formerly Case No. 25-2-32883-0 SEA in the Superior Court of King County)<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446, and 1453]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINTON AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, Defendant Lucky Strike Entertainment Corporation ("Lucky Strike" or "Defendant"), by and through counsel, hereby removes the action titled *Rice v. Lucky Strike Entertainment Corp.*, King County Case No. 25-2-32883-0 SEA, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 because removal is proper on two independent grounds: (1) minimal diversity exists under the Class Action Fairness Act ("CAFA"), there are more than 100 members in the putative class, and the amount in controversy exceeds $5,000,000; and (2) complete diversity exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

costs. Lucky Strike denies the allegations and relief sought, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor. Lucky Strike will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I. PROCEDURAL BACKGROUND

1. On November 4, 2025, Plaintiff Kelley Rice filed a Complaint in King County Superior Court (the "Complaint"). A true and correct copy of the Complaint is attached as Exhibit A. *See* 28 U.S.C. § 1446(a); LCR 101(b). On November 7, 2025, Plaintiff served Lucky Strike's registered agent in Virginia with a copy of the Complaint and Summons. *See* Exhibit B.

2. Plaintiff alleges that Lucky Strike violated Washington's Consumer Protection Act, RCW 19.86 *et seq.* ("CPA") and Commercial Electronic Mail Act, RCW 19.190 *et seq.* ("CEMA") by sending marketing emails to Washington consumers with allegedly false and misleading subject lines to create a false sense of urgency that steers consumers away from shopping for better deals and entices them to engage with Lucky Strike's marketing. Compl. ¶¶ 4–6, 39–41. Plaintiff seeks actual or liquidated damages, treble damages, injunctive relief, and attorney fees and costs. Compl. ¶¶ 7, 109, 119; *see id.* Prayer for Relief ¶¶ B-D.

3. Plaintiff alleges that she is a resident of King County, Washington and brings this action on behalf of the following putative class: "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period." Compl. ¶¶ 10, 92.

4. While the putative class is comprised of any Washington citizen who received one or more emails listed in Exhibit A, neither Plaintiff nor the putative class limits the damages sought to solely the emails listed in Exhibit A. *See id.*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## II. VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the court where this action is pending, King County Superior Court.

## III. TIMELINESS OF REMOVAL

6. Lucky Strike was served with a copy of the Complaint and Summons on November 7, 2025. *See generally* Exhibit B. Thirty days from service of the Summons and Complaint falls on December 7, 2025. Accordingly, Lucky Strike's removal deadline, if any, is Monday, December 8, 2025. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(c). This Notice is timely because it was filed within thirty days from service of the Summons. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## IV. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

8. This lawsuit is a putative class action.[1] Removal based on CAFA is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) minimal diversity of citizenship exists between at least one putative class member and at least one Defendant; (ii) there are more than 100 members in putative class; and (iii) the Complaint places in controversy more than $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although Lucky Strike denies Plaintiff's factual allegations and denies that Plaintiff—or the class she purports to represent—are entitled to the relief requested in the Complaint, all requirements for jurisdiction under CAFA have been met in this case based on Plaintiff's allegations in the Complaint.

[1] Lucky Strike denies and reserves the right to contest Plaintiff's contention that this action can properly proceed as a class action.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**A. Minimal Diversity of Citizenship Exists.**

9. To satisfy CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists—that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007) (finding that to achieve its purposes, CAFA vests expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

10. "A person's state citizenship is determined by their state of domicile . . . ." *Mendoza v. City of Vancouver*, 269 F. Supp. 3d 1087, 1110 (W.D. Wash. 2017) (citation modified) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)), *aff'd*, 745 F. App'x 768 (9th Cir. 2018). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, at *1 (9th Cir. 2000) (unpublished) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is an individual's "permanent home, where she resides with the intention to remain" indefinitely. *Kanter*, 265 F.3d at 857.

11. Plaintiff alleges that she is a resident of King County, Washington. Compl. ¶ 10. She further seeks to represent a putative class of Washington citizens who received allegedly offensive emails from Lucky Strike. *Id.* ¶ 92. Accordingly, Plaintiff's allegations plausibly support that she is a citizen of Washington. *See, e.g.*, *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'").

12. A corporation is a citizen of each state in which it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is typically where it has its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This principle also applies to CAFA's diversity requirements. *See Martinez v.*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Check 'N Go of Cal., Inc.*, No. 15-CV-1864 H (RBB), 2016 WL 6103166, at *3 (S.D. Cal. Feb. 18, 2016) (using *Hertz* standard for purposes of CAFA diversity).

13. Defendant Lucky Strike is incorporated in Delaware and is headquartered in Virginia. *See* Compl. ¶ 11. Lucky Strike is therefore a citizen of Delaware and Virginia.

14. The parties are therefore minimally diverse under 28 U.S.C. § 1332(d)(2) because at least one putative class member is from a different state than one defendant. Plaintiff is a citizen of Washington, and Lucky Strike is a citizen of Delaware and Virginia.

**B. The Putative Class Has More Than 100 Members.**

15. Here, CAFA's requirement that the proposed class consist of no fewer than 100 members is met because Plaintiff alleges that "the Class is estimated to minimally contain thousands of members." Compl. ¶ 96; 28 U.S.C. § 1332(d)(5)(b).

**C. The Amount in Controversy Exceeds $5 Million.[2]**

16. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

17. "[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary

[2] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Lucky Strike refers to damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (noting that in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). Lucky Strike maintains that Plaintiff's claims lack merit and that Lucky Strike is not liable in any amount. No statement herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

submissions”); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court’s order remanding the action to state court due to an “inappropriate demand of certitude from [] [the defendant] over its assumptions used in calculating the amount in controversy” for purposes of CAFA removal).

18. “The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant’s liability.” *Lewis v. Verizon Commc’ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It therefore “reflects the *maximum* recovery the plaintiff could reasonably recover.” *Arias*, 936 F.3d at 927 (emphasis in original) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)); *see also Campbell v. Vitran Express, Inc.*, 471 F. App’x 646, 648 (9th Cir. 2012) (noting that a court must “assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint” (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002))). Notably, an assertion that the amount in controversy is satisfied is not defeated by a plaintiff’s argument that its equally possible that this threshold will not be satisfied. *Arias*, 936 F.3d at 927.

19. The burden to establish the jurisdictional amount under CAFA “is not ‘daunting,’ as courts recognize that under this standard, a removing defendant is *not* obligated to ‘research, state and prove the plaintiff’s claims for damages.’” *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (emphasis in original, citations omitted). The allegations in the removing defendant’s notice of removal “may rely on ‘a chain of reasoning that includes assumptions’ and ‘an assumption may be reasonable if it is founded on the allegations of the complaint.’” *Marano v. Liberty Mut. Grp., Inc.*, No. SACV 20-02215-CJC (ADSx), 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias*, 936 F.3d at 925). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA “if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).” Class Action Fairness Act of 2005, S. Rep. No. 109–14, at 42 (2005). As the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

United States Supreme Court has advised, "no antiremoval presumption attends cases invoking CAFA" because Congress enacted CAFA to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.

20. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

21. Lucky Strike denies Plaintiff's factual allegations and denies that Plaintiff or the putative class she seeks to represent are entitled to any requested relief. However, the allegations in the Complaint place more than $5 million into controversy when the claims of the putative class members are aggregated, as 28 U.S.C. § 1332(d)(6) requires.

1. Plaintiff's First and Second Causes of Action for Violations of CEMA and the CPA Place Over $5 Million in Controversy.

22. Plaintiff alleges that Lucky Strike has "spammed Plaintiff with commercial emails whose subject lines contain false or misleading statements" in violation of CEMA. Compl. ¶ 88. In the Complaint, she specifically identifies 15 "examples" of such emails. *Id.* ¶¶ 40, 77; *see also id.*, Ex. A; *see, e.g., id.* ¶¶ 42, 56, 60, 65, 75 (listing "example[s]" of violative emails sent).

23. The Complaint does not limit the alleged universe of violative emails, or damages sought, to these 15 "example" emails. Rather, Plaintiff avers that Defendant sent voluminous deceptive emails to the putative class during the four-year class period for which she seeks to recover damages, and that the 15 emails identified are merely "examples" of such emails.[3] *See, e.g., id.* ¶ 5 (alleging that Defendant "floods consumers' email inboxes with repeated false notifications that the time to act—*i.e. purchase*—is short") (emphasis in original); *id.* ¶ 40 (alleging that Defendant "***frequently sends*** spam emails to consumers," and that Defendant "***regularly titles*** its emails with urgent subject headings that do not reflect the true availability of the advertised

[3] While the putative class is defined as any Washington citizen who received at least one of the emails listed in Exhibit A of the Complaint, neither Plaintiff nor the putative class limits the damages sought to solely those 15 emails. Compl. ¶ 92.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

strategy. ***This strategy is demonstrated in the examples below***.") (emphases added); *id.* ¶ 79 ("[T]he ***sheer volume*** of email marketing that Lucky Strike engages in put it on notice that Washington residents would receive its emails.") (emphasis added).

24. She further alleges that the putative class she seeks to represent "is estimated to minimally contain ***thousands*** of members"—that is, a class consisting of, at minimum, more than 1,000 members. *Id.* ¶ 96 (emphasis added).

25. Finally, Plaintiff seeks a minimum of $500 in statutory or actual damages for each allegedly violative email sent, for each class member, *id.* ¶ 119, and alleges that the class period extends four years prior to the filing of the Complaint, *id.* ¶ 94.

26. These allegations establish an amount in controversy of ***at least*** $5,000,000. Even if the 15 emails that Plaintiff identifies constituted the ***only*** violative emails that Lucky Strike allegedly sent during the entire class period—notwithstanding her allegations that Lucky Strike "flood[ed]" the putative class with deceptive spam (*id.* ¶ 5)—Plaintiff's damages theory, combined with Plaintiff's allegation that there are at least 1,000 class members, would give rise to ***at least*** $7,500,000 in damages (15 emails x 1,000 class members x $500 per violative email = $7,500,000). This sum substantially exceeds the jurisdictional minimum in CAFA.

27. Notably, this is a conservative estimate of the potential statutory damages, given Plaintiff's assertions that: (i) the 15 emails identified merely constitute "examples" of the "flood[]" of deceptive emails that Defendant allegedly "frequently sen[t]," for which Plaintiff seeks to recover damages on behalf of the putative class (*id.* ¶¶ 5, 40); (ii) Plaintiff seeks to represent a class consisting of "thousands" of individuals that purportedly received allegedly violative emails dating back to November 2021 (Compl. ¶¶ 94, 96), while Defendant's estimate assumes 1,000 putative class members only; and (iii) Lucky Strike's purported statutory violations are allegedly ongoing. *See, e.g.*, *id.* ¶ 76 (alleging that Lucky Strike "**employs** a strategy where it pressures consumers to purchase reservations at its venues by falsely representing the limited availability of its offers; offers that are repackaged, repeated, and redeployed" (emphasis added)).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

2. Plaintiff's Request for Attorney Fees and Treble Damages Places Yet <u>Additional Sums in Controversy.</u>

28. Plaintiff also seeks attorney fees under RCW 19.86.090. *See* Compl. ¶ 119, Prayer for Relief ¶ D. Attorney fees are properly included in determining the amount in controversy. *See, e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy"). "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice[.]" *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 88).

29. Lucky Strike denies Plaintiff's claim for attorney fees. However, for purposes of removal, the Ninth Circuit has held that future fee estimates can be based on "customary rates and . . . proper fees," and that "a percentage-based method," such as 25 percent of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Fritsch*, 899 F.3d at 795–96, n.6. Courts in this District have used the 25 percent benchmark to calculate potential fees for purposes of the CAFA amount in controversy. *See, e.g.*, *Sumo v. PSL Assocs., LLC*, No. 25-5436-BHS, 2025 WL 2624531, at *3 (W.D. Wash. Sept. 11, 2025) (applying 25 percent benchmark to assessment of amount in controversy); *Dawsey v. Travelers Indem. Co.*, No. 3:15-cv-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015) (allowing attorney fees of 25 percent of compensatory damages to be included in CAFA amount in controversy calculation).

30. Although Lucky Strike has established that the amount in controversy exceeds $5 million based on the statutory damages sought alone, accounting for attorney fees would place yet additional sums in controversy—even if conservative assumptions are used. Assuming a 25 percent fee award were used, Plaintiff's attorney fees would plausibly total **$1,875,500** (15 emails x 1,000 class members x $500 per violative email x 0.25 = $1,875,500). When summed with the



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

statutory damages discussed above, this amount is more than sufficient to satisfy the jurisdictional threshold.

31. Finally, Plaintiff also requests treble damages.[4] Compl., Prayer for Relief ¶ C. Treble damages are properly considered part of the amount in controversy for purposes of CAFA. *See Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *3 (W.D. Wash. Aug. 2, 2022). Plaintiff's request for treble damages places the amount in controversy even further above the $5 million threshold for removal. (15 emails x 1,000 class members x $500 per violative email x 3 = $22,500,00). This sum substantially exceeds the jurisdictional minimum prescribed in CAFA.

## V. IN THE ALTERNATIVE, THIS COURT HAS DIVERSITY JURISDICTION

32. Alternatively, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because, upon information and belief, complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000 for the named Plaintiff, exclusive of interests and costs.

33. As noted above, complete diversity exists among the parties pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action among citizens of different states. Plaintiff is a citizen of Washington, *see supra* ¶¶ 11, 14, and Lucky Strike is a citizen of Delaware and Virginia, *see supra* ¶¶ 13–14.

34. Although Plaintiff has not pled a specific amount of damages, Plaintiff seeks an amount that plausibly exceeds $75,000. Specifically, Plaintiff seeks (1) statutory or actual damages in the amount of at least $500 for each individual email, sent to each individual Washington resident, that allegedly violated CEMA pursuant to RCW 19.190.020(1)(b) (Compl.

---

[4] Lucky Strike denies that Plaintiff is entitled to seek treble damages. Among other reasons, Lucky Strike contends that only "actual" damages are subject to trebling under the CPA. As a result, any requested *statutory* damages cannot be trebled. Additionally, even if Plaintiff were entitled to receive treble damages, the CPA caps treble damages for claims brought pursuant to RCW 19.86.020 at no more than $25,000. *See* RCW 19.86.090.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

¶ 119, Prayer for Relief, ¶ C); (2) treble damages[5]; and (3) attorney fees in connection with this litigation. *Id.* ¶ 119, Prayer for Relief, ¶¶ C–D. Plaintiff also requests broad injunctive relief. *Id.* ¶¶ 97, 109, 119, Prayer for Relief, ¶ B.

35. As noted, a defendant need only file a "short and plain statement of the grounds for removal," including a "*plausible* allegation" that the amount in controversy is met. *See Dart Cherokee*, 574 U.S. at 87, 89 (emphasis added). A removing defendant's notice of removal need not include "evidentiary submissions." *See Mutchler on behalf of Cal. v. Circle K Stores, Inc.*, No. 20CV1239-GPC(BGS), 2020 WL 5511985, at *2 (S.D. Cal. Sept. 14, 2020) (quoting *Arias*, 936 F.3d at 922). "The amount in controversy may include not only actual damages but also statutorily authorized treble damages and attorney fees when the plaintiff requests treble damages under the CPA[.]" *Ponchene v. Lemonade Ins. Co.*, No. 2:25-CV-01074-TLF, 2025 WL 2451202, at *2 (W.D. Wash. Aug. 26, 2025).

36. Plaintiff's claimed statutory damages when trebled would satisfy the jurisdictional threshold if she received 60 violative emails only—a sum that translates to 15 violative emails during each year of the four-year class period (60 emails x $500 x 3= $90,000). Compl. ¶ 94. In that case, the jurisdictional minimum would be met—even without counting the attorney fees requested, costs associated with the injunctive relief sought, or any violative emails sent after the date of the Complaint.[6] *See id.* ("The Class Period extends from the date four years before this Class Action Complaint is filed to the date a class certification order is entered in this action.").

37. Notably, Plaintiff's allegations plausibly support the possibility that she received, on average, 15 or more such emails during each year of the Class Period. Indeed, Plaintiff alleges

[5] *See supra* n.4.

[6] *See Int'l Padi, Inc. v. Diverlink*, No. 03-56478, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005) ("[I]n determining the amount in controversy, we may also include the value of the requested injunctive relief to either party."); *Anderson v. Seaworld Parks & Ent., Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. 2015), *on reconsideration in part*, No. 15-CV-02172-JSW, 2016 WL 125510 (N.D. Cal. Jan. 12, 2016) ("The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant.").



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

that Lucky Strike "***floods*** consumers' email inboxes with repeated false notifications," *id.* ¶ 5 (emphasis added); "***frequently sends*** spam emails to consumers," *id.* ¶ 40 (emphasis added); and "***regularly titles*** its emails with urgent subject headings that do not reflect the true availability of the advertised deal[,]" *id.* (emphasis added). Plaintiff further alleges that she was personally "spammed" with false or misleading commercial emails, and that she received "a number of the email promotions" described in the Complaint. *Id.* ¶¶ 88–89. Hence, the Complaint plausibly supports the possibility that Plaintiff received a quantum of violative emails sufficient to satisfy the jurisdictional minimum.

38. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy plausibly exceeds $75,000, and this action is properly removed to this Court.

## VI. NOTICE TO PLAINTIFF AND KING COUNTY SUPERIOR COURT

39. As set forth above, this Notice of Removal is timely filed.

40. Lucky Strike will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

41. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Lucky Strike as well as other documents filed in the state court action are filed concurrently with this Notice of Removal as exhibits hereto.

## VII. CONCLUSION

42. Based on the foregoing, removal is proper to this Court. If any question arises as to the propriety of the removal of this action, Lucky Strike respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal, as well as jurisdictional discovery.

/ / /

/ / /



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

DATED: December 5, 2025

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA #46754

By: *s/ Kit William Clyde Roth*
Kit William Clyde Roth, WSBA #33059

By: *s/ Ari M. Sillman*
Ari M. Sillman, WSBA #60798

By: *s/ Andrew S. DeCarlow*
Andrew S. DeCarlow, WSBA #54471

1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: damon.elder@morganlewis.com
kit.roth@morganelewis.com
ari.sillman@morganlewis.com
andrew.decarlow@morganlewis.com

Ari Micah Selman (*pro hac vice forthcoming*)
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6000
Email: ari.selman@morganlewis.com

*Attorneys for Defendant Lucky Strike Entertainment Corporation f/k/a Bowlero Corp.*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## CERTIFICATE OF SERVICE

I, Lixi Aylin Stitt, declare that I am employed by the law firm Morgan, Lewis & Bockius LLP, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On December 5, 2025, I caused a true and correct copy of the foregoing documents to be served on counsel listed below in the manner indicated:

1. Defendant Lucky Strike Entertainment Corporation's Notice of Removal to Federal Court
2. Defendant Lucky Strike Entertainment Corporation's Verification of State Court Records
3. Defendant Lucky Strike Entertainment Corporation's Corporate Disclosure Statement
4. Civil Cover Sheet
5. Notice of Filing of Notice of Removal

| | |
|---|---|
| **STRAUSS BORRELLI PLLC**<br>Samuel J. Strauss, WSBA No. #46971<br>Raina C. Borrelli*<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>Phone: (872) 263-1100<br>Email: sam@straussborrelli.com<br>raina@straussborrelli.com | ☐ Via Legal Messenger<br>☐ Via First Class Mail<br>☐ Via Facsimile<br>☒ Via Electronic Mail<br>☒ Via Clerk's E-Service |
| **COHENMALAD, LLP**<br>Lynn A. Toops (*pro hac vice pending*)<br>Natalie A. Lyons (*pro hac vice pending*)<br>Ian R. Bensberg (*pro hac vice pending*)<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>Phone: (317) 636-6481<br>Email: ltoops@cohenmalad.com<br>nlyons@cohenmalad.com<br>ibensberg@cohenmalad.com | ☐ Via Legal Messenger<br>☐ Via First Class Mail<br>☐ Via Facsimile<br>☒ Via Electronic Mail<br>☒ Via Clerk's E-Service |

**STRANCH, JENNINGS & GARVEY, PLLC**
J. Gerard Stranch, IV (*pro hac vice pending*)
Michael C. Tackeff (*pro hac vice pending*)
Andrew K. Murray (*pro hac vice pending*)
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Phone: (615) 254-8801
Email: gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Attorneys for Plaintiff*

☐ Via Legal Messenger
☐ Via First Class Mail
☐ Via Facsimile
☒ Via Electronic Mail
☒ Via Clerk's E-Service

*s/ Lixi Aylin Stitt*
Lixi Aylin Stitt



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401