UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLEY RICE,

Plaintiff,

v.

LUCKY STRIKE ENTERTAINMENT CORPORATION,

Defendant.

CASE NO. 2:25-cv-02467-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. For the reasons stated below, Lucky Strike is ordered to show cause why this case should not be remanded to state court for lack of Article III standing.

## I. BACKGROUND

This case is a proposed class action against Lucky Strike Entertainment Corporation for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. Dkt. No. 1-1 at 2–3. Plaintiff Kelley Rice complains that

Lucky Strike sends commercial emails "whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets." *Id.* at 3. Rice refers to this as "deceptive time-sensitivity" and claims that it violates CEMA. *Id.*

For herself and a class of "[a]ll Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period," *id.* at 16, Rice seeks a permanent injunction, damages, and attorneys' fees, *id.* at 21. In her complaint, Rice cites to *Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash. 2025), and avers that "CEMA's protections do not depend on whether any email was (really or fictively) solicited by consumers, nor on whether consumers relied on any false or misleading statement contained in its subject line . . . [t]he statute's only concern is to suppress false or misleading information in the subject line of commercial emails." *Id.* at 6. Lucky Strike timely removed the case to this Court, Dkt. No. 1 at 3, asserting diversity and Class Action Fairness Act ("CAFA") jurisdiction. *Id.* at 3–12.

## II. DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[ ] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

As the party invoking federal jurisdiction, Lucky Strike bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citation modified). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

It is not evident from the complaint or the notice of removal that Article III injury exists in this case. Accordingly, Lucky Strike is ordered to show cause why this case should not be remanded to state court. *See Aronson v. 5 Star Apparel LLC*, No. C25-2691JLR, 2026 WL 2332885, at *2–3 (W.D. Wash. Aug. 4, 2026); *Hutton v. Papa John's USA, Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *2–3 (W.D. Wash. July 31, 2026); *Carter v. Vineyard Vines, LLC*, No. CV ELH-25-3178, 2026 WL 1429258, at *14–26 (D. Md. May 21, 2026); *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025).

## III. CONCLUSION

For the reasons stated above, Lucky Strike is ORDERED TO SHOW CAUSE by no later than September 2, 2026 why this case should not be remanded to state court for lack of Article III standing. If Lucky Strike would like to rely on its arguments in its motion to dismiss, it shall file a notice identifying which portion of the motion to dismiss is responsive to this Order, along with a certification that the relevant portion does not exceed 2,800 words. Rice may file an optional reply by September 9, 2026. Each party's brief shall contain no more than 2,800 words.

Dated this 19th day of August, 2026.

Lauren King
United States District Judge